IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No. 1:24CV328 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| 119 PINEVIEW COURT, ROCKINGHAM, | : | |
| RICHMOND COUNTY, NORTH CAROLINA, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, | : | |
| | : | |
| and | : | |
| | : | |
| NET PROCEEDS FROM THE SALE OF | : | |
| 116 PINEVIEW COURT, ROCKINGHAM, | : | |
| RICHMOND COUNTY, NORTH CAROLINA, | : | |
| Defendants. | : | |

## VERIFIED COMPLAINT OF FORFEITURE

NOW COMES Plaintiff, United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and respectfully states as follows:

1. This is a civil action in rem brought to enforce the provisions of 21 U.S.C. § 881(a) for the forfeiture of the aforesaid defendant properties which were used or intended to be used in any manner or part to commit or to facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., punishable by more than one year's imprisonment, or which constitute proceeds traceable to the exchange of a controlled substance in violation of the Controlled Substances Act.

2. This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A) and (C) for the forfeiture of the aforesaid defendant properties which were involved in transactions or attempted transactions in violation of Title 18, United States Code, Section 1956 or 1957, or constitute or were derived from proceeds traceable to an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense, specifically the exchange of a controlled substance in violation of state and federal law.

3. The defendant properties are as follows:

   a. <u>119 Pineview Court</u> - is all that certain lot or parcel of land known as 119 Pineview Court, Rockingham, Richmond County, North Carolina, with all appurtenances and improvements thereon, more particularly described as follows:

   TRACT NO 1: All that certain tract of land containing 1.137 acres, and being all of Tract No. 19, according to a survey and plat by McNeill and Associates, dated March, 1988, and recorded in Slide 573-E of the Plat Cabinet, Richmond County Registry, entitled 'LAKESTONE", reference to which is made for a more detailed description.

   TRACT NO 2: All that certain tract of land containing 0.637 acres, and being all of Tract No. 18B, according to a survey and plat by McNeill and Associates, dated August 21, 1992, and recorded at Slide 605, Plat A, of the Plat Cabinet, Richmond County Registry, entitled "LAKESTONE REVISION #1, REVISION OF LOTS 16, 17 & 18, reference to which is made for a more detailed description.

   This conveyance is subject to easements or rights of way of record, and subject to Restrictive Covenants recorded in Book 726, Page 881, Richmond County Registry.

   (See Exhibit A-1 attached hereto). The record title holder of the subject real property is

2

Case 1:24-cv-00328-UA-JLW   Document 1   Filed 04/16/24   Page 2 of 6

2. This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A) and (C) for the forfeiture of the aforesaid defendant properties which were involved in transactions or attempted transactions in violation of Title 18, United States Code, Section 1956 or 1957, or constitute or were derived from proceeds traceable to an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense, specifically the exchange of a controlled substance in violation of state and federal law.

3. The defendant properties are as follows:

   a. <u>119 Pineview Court</u> - is all that certain lot or parcel of land known as 119 Pineview Court, Rockingham, Richmond County, North Carolina, with all appurtenances and improvements thereon, more particularly described as follows:

   TRACT NO 1: All that certain tract of land containing 1.137 acres, and being all of Tract No. 19, according to a survey and plat by McNeill and Associates, dated March, 1988, and recorded in Slide 573-E of the Plat Cabinet, Richmond County Registry, entitled 'LAKESTONE", reference to which is made for a more detailed description.

   TRACT NO 2: All that certain tract of land containing 0.637 acres, and being all of Tract No. 18B, according to a survey and plat by McNeill and Associates, dated August 21, 1992, and recorded at Slide 605, Plat A, of the Plat Cabinet, Richmond County Registry, entitled "LAKESTONE REVISION #1, REVISION OF LOTS 16, 17 & 18, reference to which is made for a more detailed description.

   This conveyance is subject to easements or rights of way of record, and subject to Restrictive Covenants recorded in Book 726, Page 881, Richmond County Registry.

(See Exhibit A-1 attached hereto). The record title holder of the subject real property is

Alexander Meland. The property was acquired by Alexander Meland on or about September 26, 2023, by North Carolina General Warranty Deed recorded in the Richmond County Register of Deeds at Book 1978, Pages 582 - 585.

      b.     Net proceeds from the sale of that certain lot or parcel of land known as 116 Pineview Court, Rockingham, Richmond County, North Carolina, with all appurtenances and improvements thereon, more particularly described as follows:

> BEING all of Lot 22, Section 1, Lakestone Subdivision, according to a map made by McNeill and Associates, Surveyors, recorded in Slide 573-E on the Plat Cabinet in the Office of the Register of Deeds for Richmond County, reference to said plat is hereby made for a more detailed description.
>
> This conveyance is subject to any and all easements, restrictions, rights of way of record and any applicable zoning ordinances.

The property was acquired by Alexander Meland on or about September 8, 2023, by North Carolina General Warranty Deed recorded in the Richmond County Register of Deeds at Book 1976, Pages 582 - 585. The property was sold on or about September 27, 2023, and net proceeds of the sale payable to Alexander Meland, believed to be in the amount of $266,595.98, are currently held in trust by the law firm which closed the sale.

      4.     Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

      5.     This Court has venue pursuant to 28 U.S.C. § 1355(b)(1) and 1395.

6. The defendant real property 119 Pineview Court has not been seized but is located in this district, and one or more of the acts giving rise to forfeiture occurred in this district. The United States of America does not request authority from the Court to seize the defendant real property at this time. The United States will, as provided by 18 U.S.C. § 985(b) and (c)(1):

    a. post notice of this action and a copy of the Complaint on the defendant real property;

    b. serve notice of this action on the defendant real property's owner and any other person or entity who may claim interest in the defendant real properties; and

    c. file a Lis Pendens in the county records of the properties status as a defendant in this action.

7. Upon the filing of this complaint, Plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b) as to the defendant net proceeds of sale, which Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8. The facts and circumstances supporting the seizure and forfeiture of the defendant properties are contained in Exhibit A, attached hereto and wholly incorporated herein by reference.

WHEREFORE, the United States of America prays that process of a Warrant for

Arrest and Notice In Rem be issued for the arrest of the defendant net proceeds of sale; that judgment be entered declaring the defendant properties be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

This the 16th day of April, 2024.

                                              Respectfully submitted,

                                              SANDRA J. HAIRSTON
                                              United States Attorney

                                              /s/ Lynne P. Klauer
                                              Lynne P. Klauer
                                              Assistant United States Attorney
                                              NCSB #13815
                                              101 S. Edgeworth Street, 4th Floor
                                              Greensboro, NC 27401
                                              Phone: (336) 333-5351
                                              Email: lynne.klauer@usdoj.gov

# VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America, that the contents of the foregoing Verified Complaint of Forfeiture are true and correct to the best of my knowledge, information and belief.

_____
Jeffrey Gruppo
Special Agent
U.S. Food and Drug Administration,
Office of Criminal Investigations